LAWRENCE I. WASHOR
California Bar No. 75180
lwashor@washor.com
WASHOR & ASSOCIATES
21800 Oxnard Street, Suite 790
Woodland Hills, California 91367
Telephone: (310) 479-2660
Facsimile: (310) 479-1022

Attorneys for Plaintiff Automated Systems America, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED SYSTEMS AMERICA, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL CASH ADVANCE HOLDINGS, INC., a Delaware corporation, GLOBAL CASH ACCESS, INC., a Delaware corporation, CASH SYSTEMS, INC., a Delaware corporation, JAY KOLDUS, an individual, and STEVEN L. LAZARUS, an individual,<br><br>Defendants. | CIVIL ACTION NO. CV10 4973 CBM (FMOx)<br><br>COMPLAINT FOR<br><br>1. Declaratory Relief;<br>2. Violation of Section 2 of the Sherman Act;<br>3. Unfair Competition;<br>4. Lanham Act;<br>5. Interference With Contract;<br>6. Interference with Prospective Economic Advantage; and<br>7. Defamation Per Se |

Plaintiff Automated Systems America, Inc., a Nevada corporation ("ASAI"), alleges that:

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment of invalidity, unenforceability and non-infringement of United States Patent No. 6,081,792 which is allegedly owned by Global Cash Access, Inc. ("GCA"), and of United States Patent No. 6,951,302 which is allegedly owned by Cash Systems, Inc. ("CSI").

2. This is also an action for violation of the Sherman Act.

WASHOR & ASSOCIATES
Counselors at Law

3.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a) in that it arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et al., and the patent laws of the United States, Title 35, United States Code. This Court also has jurisdiction under 28 U.S.C. §1337 which gives this Court original jurisdiction over antitrust claims. This Court also has pendant jurisdiction over the related state law claims.

4.    This Court has personal jurisdiction over the defendants in that defendants regularly engage in the provision of services in interstate commerce throughout the United States, including this judicial district and in connection therewith employs interstate communications and transportation systems to effectuate their business operations in the Central District of California. Upon information and belief, defendants regularly engage in business in this judicial district and have performed some of the conduct alleged in this judicial district.

5.    Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in the Central District of California and under 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction and therefore is subject to jurisdiction in the Central district.

THE PARTIES

6.    Plaintiff Automated Systems America, Inc. ("ASAI"), is a Nevada corporation with its principal place of business located in Glendale, California.

7.    Defendant Global Cash Advance Holdings, Inc. ("GCAH"), is a Delaware corporation with its principal place of business in Las Vegas, Nevada. GCAH has seventeen (17) wholly owned subsidiaries, including GCA, CSI, and Central Credit, LLC. Twelve (12) of the subsidiaries are foreign corporations and ASAI is informed and believes that such entities provide cash advance services to the gaming industry outside the United States.

1    In July, 1998, GCAH was formed as a joint venture limited liability company
2 among M&C International, entities affiliated with Bank of America, N.A., and First
3 Data Corporation.  By May, 2004, Bank of America and First Data had been bought
4 out and in May, 2004, the limited liability company was converted into a
5 corporation.

6    8.    Defendant GCA is a Delaware corporation. ASAI is informed and
7 believes that GCA's principal place of business is located in Las Vegas, Nevada.

8    9.    Defendant CSI is a Delaware corporation. ASAI is informed and
9 believes that CSI's principal place of business is located in Las Vegas, Nevada.  CSI
10 is a wholly owned subsidiary of GCA. GCAH, GCA, and CSI are referred to
11 collectively as "Global."

12    10.    Defendant Jay Koldus is an individual, who works for Global and who
13 has assisted Global as hereinafter set forth.

14    11.    Defendant Steven L. Lazarus is an individual, residing in Las Vegas,
15 Nevada.  Mr. Lazarus is a Vice President of GCAH, who has assisted Global as
16 hereinafter set forth.

17    12.    ASAI is informed and believes, and upon such information and belief
18 alleges, that at all times relevant hereto, each of the defendants was the agent,
19 representative, and alter ego of each of the other defendants, was acting within the
20 course and scope of such agency, representation or employment, and was so acting
21 with full knowledge and consent, express or implied, of each of the other
22 defendants.

23                    FACTUAL ALLEGATIONS

24    13.    ASAI is a processor of Automated Teller Machine ("ATM") and Cash
25 Advance Transactions.  ASAI arranges for the servicing and maintenance of ATM
26 and cash advance machines owned by its customers.  ASAI does so in accordance
27 with the guidelines of the Visa USA and Visa International (referred to collectively
28 as "Visa") and MasterCard International ("MasterCard") card associations.

1   14.   A cash advance transaction is one in which a customer takes a cash
2   advance off a credit or debit card despite not having funds in the customer's bank
3   account to cover such withdrawal.  Such withdrawals must comply with Visa and
4   MasterCard rules and regulations which provide specific guidelines and procedures
5   for such transactions.

6   Such cash advance transactions are most common at casinos, racetracks,
7   riverboats, and similar gambling establishments where cash is required and credit
8   cards are not taken for credit in connection with gambling transactions.  Cash
9   advance transaction processors compete in this market throughout the United States
10  since there are no geographic limitations on providing cash advance services.
11  Therefore, the relevant market is the United States cash advance transaction
12  processing market for casinos, racetracks, riverboats and other similar gambling
13  establishments ("Gaming Industry").  The Gaming Industry has a unique need for
14  such services (the funding of gambling activities), an extremely large volume of
15  such transactions, and a specific internal method of dispensing funds and obtaining a
16  cash advance user's signature (where applicable).

17  15.   ASAI has purchased cash advance software and is in the process of
18  developing its own software for use in affecting cash advance transactions.  As is
19  required by the Visa and MasterCard card associations, ASAI's software is designed
20  to affect cash advance transactions to comply with the card association rules and
21  regulations for affecting cash advance transactions.  Due to hard work, financial
22  commitment, and excellent customer service, ASAI's market share in the Gaming
23  Industry is increasing.

24  16.   Global is a global provider of innovative cash access and data
25  intelligence services and solutions to the gaming industry. Global operates in three
26  distinct business segments: (1) cash advance transactions, (2) ATM transactions and
27  (3) check services. In the first quarter of 2010, Global generated $65,966,000 in
28  revenue from its cash advance segment and in 2009, Global generated $289,314,000

WASHOR & ASSOCIATES
Counselors at Law

WASHOR & ASSOCIATES
Counselors at Law

1  in revenue from its cash advance segment.  In 2009, Global processed 101,400,000

2  cash advance transactions, which resulted in approximately $21,700,000,000 in cash

3  being disbursed to gaming patrons.  ASAI is informed and believes, and on such

4  information and belief alleges, that Global provides cash advance transaction

5  processing services to more than 1,100 establishments in the Gaming Industry

6  worldwide, including, without limitation, the ten (10) largest gaming companies in

7  the United States.  In 2009, Global provided cash advance transaction processing

8  services to more than 1,100 establishments in the Gaming Industry worldwide,

9  including, without limitation, the ten (10) largest gaming companies in the United

10 States. Global only offers its services under long-term agreements in order to hinder

11 competition.  Such long-term contracts make it difficult for a competitor to compete

12 for the customer and enable Global to tie other financial services, including Western

13 Union, credit information, and ATM services, to its cash advance services in the

14 Gaming Industry.  Such tying is a result of Global's monopoly power in its cash

15 advance transaction processing segment.

16      17.    ASAI is informed and believes that prior to 2008, Global controlled

17 approximately seventy-five percent (75%) of the cash advance transaction

18 processing market for the Gaming Industry.  In 2008, Global acquired Certegy

19 Gaming Services, Inc. ("Certegy"), and CSI, which increased Global's market share

20 of the cash advance transaction processing market for the Gaming Industry to

21 approximately ninety percent (90%), which it still maintains.

22      18.    ASAI is informed and believes, and upon such information and belief

23 alleges, that Global threatens to sue, and sues, its competitors in order to attempt to

24 prevent them from competing with Global for providing cash advance transaction

25 processing in the Gaming Industry.  Normally, Global's threats relate to alleged

26 infringement of US Patens Nos. 6,081,792 and 6,951,302 ("Patents-In-Suit") and are

27 designed to keep potential competitors out of the market.  Furthermore, ASAI is

28 further informed and believes, and upon such information and belief alleges, that

1  Global knows that due to the existence of prior art and the overbreath of their claims
2  that the Patents-In-Suit are unenforceable and that ASAI's cash advance transaction
3  processing process differs from that of Global.  Finally, ASAI is further informed
4  and believes, and upon such information and belief alleges, that Global contends
5  that any type of cash advance transaction processing violates the Patents-In-Suit and
6  that any processor who complies with Visa and MasterCard processing procedures
7  violates the Patent-in-Suit.

8      19.   On October 22, 2004, Global filed a lawsuit for the alleged
9  infringement of US Patent No. 6,081,792 in the United State District Court for the
10  Nevada District against several defendants, including Certegy and four (4) other
11  defendants.  The defendants answered and filed counterclaims alleging patent
12  invalidity and antitrust violations.  On September 11, 2006, the case was dismissed,
13  with prejudice, with no relief being received by Global.  Less than 2 years
14  thereafter, Global completed its purchase of Certegy.

15      20.   On March 22, 2010, Sightline Payments, LLC ("Sightline"), filed an
16  action against Global in the United States District Court of Nevada, asserting
17  Sherman Act violations based, in part, on patent abuse relating to the Patents-In-
18  Suit.  Sightline is operated by former GCA officers, including its former CEO.  The
19  action alleges that GCA knew that the Patent-In-Suit were invalid and that they were
20  purchased as a toll to drive competitors from the cash advance transaction market.
21  GCA responded, inter alia, by seeking to seal the record.

22      21.   ASAI is informed and believes, and upon such information and belief
23  alleges, that Global has threatened to file, or filed, other suits based upon the
24  Patents-In-Suit in order to drive other competitors out of the market.  ASAI is
25  further informed and believes, and upon such further information and belief alleges,
26  that when an alleged infringer challenges the validity of the Patents-In-Suit and
27  evidences the ability to defend Global's claim, Global settles out of court in order to
28  avoid an unfavorable ruling.

WASHOR & ASSOCIATES
Counselors at Law

WASHOR & ASSOCIATES
Counselors at Law

22.   The Patents-In-Suit are invalid due to prior art and the overbreadth of the claims.

23.   One or more of the claims in the Patents-In-Suit are invalid due to their failure to satisfy one or more of the conditions of patentability as are set forth in U.S.C. §§ 101, 102, 103 and 112.

24.   ASAI is informed and believes, and upon such information and belief alleges, that Global has threatened to initiate sham litigation against competitors, including ASAI, and initiated such sham litigation in bad faith with the specific intent of monopolizing the relevant market.  ASAI is further informed and believes, and upon such further information and belief alleges, that Global's conduct creates a dangerous probability of success in the relevant market.

25.   By letter dated June 8, 2010, which letter was sent to ASAI in this judicial district, Global claims that ASAI is infringing on the Patents-In-Suit and demanded that ASAI agree to purchase a license under the Patents-In-Suit.   The letter states that ASAI's "cash access products and services" infringe the Patents-In-Suit and Global has done so despite its knowledge that the Patents-In-Suit are unenforceable.   The letter implies that if ASAI does not comply with Global's demand, Global will commence litigation against ASAI. A copy of the letter is attached hereto as Exhibit "A."

26.   ASAI is informed and believes, and upon such information and belief alleges, that subsequent to the letter being sent, Global, through Mr. Koldus, Mr. Lazarus, and possibly others, has gone to various existing and prospective Gaming Industry customers of ASAI in order to tell them that ASAI (and the casino through its receipt of services from ASAI) is infringing the Patents-In-Suit, that Global has sued (or will sue) ASAI for damages, that such a suit could put ASAI out of business, and that the gaming customer could also be liable for monetary damages. ASAI is informed and believes, and upon such information and belief alleges, that a number of prospective ASAI customers who were contacted by defendants were

1  customers with whom ASAI had placed bids to provide ATM and cash advance
2  transaction processing services.

3      27.   ASAI is under a real and present apprehension that Global will
4  commence one or more actions against it, or its business interests, claiming
5  infringement of one or more of the Patents-in-Suit.

6      28.   U.S. Patent No. 6,081,792 is a method to permit an ATM to perform a
7  cash advance transaction.  The method refers to a 3-in-1 technology.  In order to
8  commence the transaction, the customer must swipe his card on the ATM.  In the
9  event that the customer seeking cash does not have sufficient credit in his bank
10  account, the ATM asks whether the customer desires a cash advance.  If the
11  customer does, the ATM proceeds to process the cash advance transaction without
12  requiring a second swipe of the card.  Although patented, the procedure requires the
13  storage of credit card information, which makes it non-PCI compliant.  This patent
14  was not filed by Global.  Global purchased the patent after it was issued.

15      Initially, more than one year before the patent was filed, GCA had publicly
16  implemented ID swipe technology on its then current cash advance transaction
17  processing product.  Thus, the patent should not have been issued due to the
18  existence of prior art.

19      Furthermore, ASAI's methodology is substantially different from Patent No.
20  6,081,792.  Prior to receiving a cash advance, a customer must re-swipe the card.
21  Unless the customer swipes his card a second time, he cannot receive a cash
22  advance.  Furthermore, no credit card data is stored which makes the process PCI-
23  compliant.

24      29.   Patent No. 6,951,302 is a patent for quasi-cash transaction.  "Quasi-
25  cash" is a card association term for a cash advance transaction.  The patent merely
26  copies the procedure required by the card associations for such transactions.  Such
27  procedures were in effect prior to the filing of the patent application.

28  / / / /

WASHOR & ASSOCIATES
Counselors at Law

WASHOR & ASSOCIATES
Counselors at Law

1  |  FIRST CLAIM FOR RELIEF

2  |  (DECLATORY RELIEF OF PATENT INVALIDITY,

3  |  UNENFORCEABILY, AND NONINFRINGEMENT vs. GLOBAL)

4  |      30.    ASAI incorporates herein by reference thereto each of the allegations

5  |  contained in paragraphs 1 though 29, inclusive, of this Complaint as though set forth

6  |  herein in full.

7  |      31.    As a consequence of the foregoing and the allegations contained herein,

8  |  there is an actual and justifiable controversy between ASAI and Global.  ASAI

9  |  contends that the Patents-in-Suit in suit are not valid and not enforceable and that

10 |  even if valid and enforceable. ASAI has not infringed them.  Global contends that

11 |  the Patents-In-Suit are valid and enforceable and that ASAI is infringing upon the

12 |  Patents-In-Suit.

13 |      32.    As a result, a judicial determination is necessary as to ASAI's offer for

14 |  sale and sale of its products and services do not infringe upon the Patents-in-Suit.

15 |  Therefore, ASAI requests a declaration that the Patents-In-Suit are invalid and

16 |  unenforceable and in the alternative, that if the Patents-In-Suit are valid and

17 |  enforceable, ASAI's products and services do not infringe on such Patents-In Suit.

18 |  SECOND CLAIM FOR RELIEF

19 |  (Section 2 of the Sherman Act vs. Global)

20 |      33.    ASAI incorporates herein by reference thereto each of the allegations

21 |  contained in paragraphs 1 though 29, inclusive, of this Complaint as though set forth

22 |  herein in full.

23 |      34.    ASAI is informed and believes, and upon such information and belief

24 |  alleges, that Global knows that the Patents-In-Suit are invalid and unenforceable and

25 |  that despite such knowledge, it threatens litigation and commences litigation for the

26 |  infringement of the Patents-In-Suit in bad faith.  ASAI is further informed and

27 |  believes, and upon such further information and belief alleges, that Global does so

28 |

WASHOR & ASSOCIATES
Counselors at Law

1   not to enforce the Patents-In-Suit but to assist it in creating and maintaining a

2   monopoly in the cash advance transaction market in the Gaming Industry.

3        35.   ASAI is informed and believes, and upon such information and belief

4   alleges, that Global acquired the Patents-In-Suit from third parties despite its

5   knowledge of the invalidity of the Patents-In-Suit as part of an overall scheme to

6   monopolize the cash advance transaction processing market in the Gaming Industry.

7   ASAI is further informed and believes, and upon such further information and belief

8   alleges, that Global intended to publicize such patent infringement suits to deter

9   competitors from attempting to enter the market and to threaten suit or damage

10  claims against any customer dealing with the alleged infringer.   ASAI is further

11  informed and believes, and upon such further information and belief alleges, that

12  Mr. Koldus, Mr. Lazarus, and perhaps other Global agents have already commenced

13  speaking to ASAI's customers and prospective customers about the alleged

14  infringement and the potential damages and Global's historic method for dealing

15  with its competitors.   Therefore, it appears that Global's true intent is to maintain its

16  monopoly rather than to enforce patents that it knows are invalid.

17       36.   ASAI is informed and believes, and upon such information and belief

18  alleges, that Global has threatened and or commenced a series of repetitive lawsuits

19  to enforce baseless patents for the sole purpose of driving competitors out of the

20  market to maintain its monopoly position.

21       37.   ASAI is informed and believes, and upon such information and belief

22  alleges, that Global has monopoly power in the relevant market and that Global's

23  use of the Patents-In-Suit results in a dangerous probability that Global will be able

24  wrongfully to maintain its monopoly position.

25       38.   As a result of Global's misuse of the Patents-In-Suit, ASAI has been

26  damaged, and will continue to be damaged, in a presently unascertained amount

27  which ASAI believes to be in excess of $1,000,000 according to proof.   When ASAI

28

1 determines the amount of its damages, it will move to insert same herein or will seek
2 damages according to proof at the time of trial.

3    39.    In misusing the Patents-In-Suit as set forth in this Second Claim for
4 Relief, Global has been guilty of oppression, fraud, and malice, entitling ASAI to
5 recover punitive damages against Global.

6    40.    ASAI also seeks that the Patents-In-Suit be declared unenforceable due
7 to Global's misuse of the Patents-In-Suit and that ASAI be awarded treble damages
8 pursuant to 35 U.S.C. §284.

9                    THIRD CLAIM FOR RELIEF
10                (Unfair Competition – All Defendants)

11    41.    ASAI incorporates herein by reference thereto each of the allegations
12 contained in paragraphs 1 though 29, inclusive, and paragraphs 34 through 37,
13 inclusive, of this Complaint as though set forth herein in full.

14    42.    ASAI is informed and believes, and based upon such information and
15 belief alleges, that Defendants unfairly competed with ASAI by their misuse of the
16 Patents-In-Suit, by Global's threats of litigation, and by their wrongful
17 communication with ASAI's customers and prospective customers.

18    43.    Defendants' conduct also constitutes Unfair Competition within the
19 meaning of Section 17200, et. seq., of the California Business and Professions Code.

20    44.    ASAI is entitled to disgorgement of defendants' profits and restitution
21 as well as reasonable attorney fees, pursuant to California Business & Professions
22 Code §17203.

23    45.    As a result of the unfair competition as set forth in paragraph 42 above,
24 ASAI has been damaged in a presently unascertained amount which ASAI believes
25 to be in excess of $2,000,000.  When the exact amount of its damages is ascertained,
26 ASAI will seek leave of this Court to amend this Complaint to assert same herein or
27 will seek judgment in accordance with proof at the time of trial.

28

WASHOR & ASSOCIATES
Counselors at Law

1    46.    In unfairly competing as set forth in Paragraph 42 above, Defendants

2  have been guilty of oppression, fraud, and malice, thereby entitling ASAI to recover

3  punitive damages from Defendants.

4    47.    Defendants have engaged in unfair competitive conduct against ASAI

5  as set forth in Paragraph 42 above.  Such acts constitute unfair competition within

6  the meaning of California Business and Professions Code §17200, et. seq.  Thus,

7  ASAI is entitled to injunctive relief under California Business and Professions Code

8  §17203.

9    48.    ASAI is informed and believes, and upon such information and belief

10  alleges, that unless Defendants' conduct is enjoined, they will continue to commit

11  the acts alleged herein for the specific purpose of causing injury to ASAI and its

12  business and they will continue to engage in the conduct set forth in Paragraph 42

13  above.

14    49.    As a direct and proximate result of the continuous unfair competition

15  by Defendants, ASAI has suffered, and will continue to suffer, irreparable harm in

16  that the business of ASAI will be damaged by the continued conduct of Defendants

17  as set forth in paragraph 42 above.

18    50.    ASAI has no adequate remedy at law for the injuries currently being

19  suffered.  Once a customer or prospective customer leaves ASAI and signs a long-

20  term agreement with Global, it would be virtually impossible to regain the customer

21  until the Global agreement expires.

22    51.    Based upon the facts asserted herein, ASAI respectfully requests that

23  this Court preliminarily and permanently enjoin Defendants and all persons acting in

24  concert with them from engaging in the conduct described in Paragraph 42 above.

25  / / / /

26  / / / /

27  / / / /

28  / / / /

WASHOR & ASSOCIATES
Counselors at Law

WASHOR & ASSOCIATES
Counselors at Law

## FOURTH CLAIM FOR RELIEF

(Lanham Act vs. All Defendants)

52.     ASAI incorporates herein by reference thereto each and every allegation contained in paragraphs 1 through 29, inclusive, and paragraphs 34 through 37, inclusive, as though set forth herein in full.

53.     This is a claim for unfair competition under the Lanham Act, 15 U.S.C. §1125(a).

54.     Defendants have made false and misleading representations of fact to third parties, including ASAI customers and prospective customers, relating to ASAI's rights to sell its cash advance transaction processing services and products.

55.     Defendants knew or should have known that their representations were false and misleading. Such false and misleading statements violate 15 U.S.C. §1125(a).

56.     As a result of the unfair competition set forth in paragraph 54 above, ASAI has been damaged in a presently unascertained amount which ASAI believes to be in excess of $2,000,000.  When the exact amount of its damages is ascertained, ASAI will seek leave of this Court to amend this Complaint to assert same herein or will seek judgment in accordance with proof at the time of trial.

57.     In unfairly competing as set forth in Paragraph 54 above, Defendants have been guilty of oppression, fraud, and malice, thereby entitling ASAI to recover punitive damages from Defendants.

58.     As a direct and proximate result of the continuous unfair competition by Defendants, ASAI has suffered, and will continue to suffer, irreparable harm in that the business of ASAI will be damaged by the continued conduct of Defendants as set forth in paragraph 54 above.

59.     ASAI has no adequate remedy at law for the injuries currently being suffered.  Once a customer or prospective customer leaves ASAI and signs a long-

1 | term agreement with Global, it would be virtually impossible to regain the customer
2 | until the Global agreement expires.

3 |         60.    Based upon the facts asserted herein, ASAI respectfully requests that
4 | this Court preliminarily and permanently enjoin Defendants and all persons acting in
5 | concert with them, from engaging in the conduct described in Paragraph 54 above.

6 |                        FIFTH CLAIM FOR RELIEF
7 |                  (Interference With Contract vs. All Defendants)

8 |         61.    ASAI incorporates herein by reference thereto each and every
9 | allegation contained in paragraphs 1 through 29, inclusive, and paragraphs 34
10 | through 37, inclusive, as though set forth herein in full.

11 |         62.    ASAI has entered into contracts with various customers in the Gaming
12 | Industry to provide them with cash advance transaction processing services and
13 | products.

14 |         63.    ASAI is informed and believes, and upon such information and belief
15 | alleges, that Global, through Mr. Koldus, Mr. Lazarus, and possibly others, has gone
16 | to various existing Gaming Industry customers of ASAI in order to tell them that
17 | ASAI (and the casino through its receipt of services from ASAI) is infringing the
18 | Patents-In-Suit, that Global has sued (or will sue) ASAI for damages, that such a
19 | suit could put ASAI out of business, and that the gaming customer could also be
20 | liable for monetary damages.  Such representations were neither privileged,
21 | justified, nor factually accurate.

22 |         64.    ASAI is informed and believes, and upon such information and belief
23 | alleges, that the purpose of Defendants' conduct as alleged in paragraph 63 is to
24 | induce such to breach their agreements with ASAI and to enter into long-term
25 | agreements with Global.

26 |         65    ASAI is informed and believes, and upon such information and belief
27 | alleges, that Defendants' representations as set forth in paragraph 63 above will
28 | have the effect of damaging ASAI's reputation and good will with its cash advance

WASHOR & ASSOCIATES
Counselors at Law

1  customers in the Gaming Industry and could cause them to breach there agreements

2  with ASAI or refuse to enter into new agreements with ASAI.  ASAI is further

3  informed and believes, and upon such further information and belief alleges, that

4  absent such interference by Defendants, it is likely that such customers would enter

5  into new contracts with ASAI on the expiration of the current agreements,

6      66.    As a result of the Defendants' interference with contract as set forth in

7  paragraphs 63 and 64 above, ASAI has been damaged in a presently unascertained

8  amount.  When the exact amount of its damages is ascertained, ASAI will seek leave

9  of this Court to amend this Complaint to assert same herein or will seek judgment in

10  accordance with proof at the time of trial.

11     67.    In Defendants' interference with contract as set forth in paragraphs 63

12  and 64 above, Defendants have been guilty of oppression, fraud, and malice, thereby

13  entitling ASAI to recover punitive damages from Defendants.

14              <u>SIXTH CLAIM FOR RELIEF</u>

15     (Interference With Prospective Economic Advantage vs. All Defendants)

16     68.    ASAI incorporates herein by reference thereto each and every

17  allegation contained in paragraphs 1 through 29, inclusive, and paragraphs 34

18  through 37, inclusive, as though set forth herein in full.

19     69.    ASAI has entered into contracts with various customers in the Gaming

20  Industry to provide them with cash advance transaction processing services and

21  products.

22     70.    ASAI is informed and believes, and upon such information and belief

23  alleges, that Global, through Mr. Koldus, Mr. Lazarus, and possibly others, has gone

24  to various existing and prospective Gaming Industry customers of ASAI in order to

25  tell them that ASAI (and the casino through its receipt of services from ASAI) is

26  infringing the Patents-In-Suit, that Global has sued (or will sue) ASAI for damages,

27  that such a suit could put ASAI out of business, and that the gaming customer could

28

WASHOR & ASSOCIATES
Counselors at Law

1 │ also be liable for monetary damages. Such representations were neither privileged,

2 │ justified, nor factually accurate.

3 │      71.   As a result of the Defendants' interference with ASAI's prospective

4 │ economic advantage as set forth in paragraph 70 above, ASAI has been damaged in

5 │ a presently unascertained amount.  When the exact amount of its damages is

6 │ ascertained, ASAI will seek leave of this Court to amend this Complaint to assert

7 │ same herein or will seek judgment in accordance with proof at the time of trial.

8 │      72.   In Defendants' interference with contract as set forth in paragraph 70

9 │ above, Defendants has been guilty of oppression, fraud, and malice, thereby

10 │ entitling ASAI to recover punitive damages from Defendants.

11 │ <u>SEVENTH CLAIM FOR RELIEF</u>

12 │ (Defamation Per Se vs. All Defendants)

13 │      73.   ASAI incorporates herein by reference thereto each and every

14 │ allegation contained in paragraphs 1 through 29, inclusive, and paragraphs 34

15 │ through 37, inclusive, as though set forth herein in full.

16 │      74.   ASAI is informed and believes, and upon such information and belief

17 │ alleges, that Global, through Mr. Koldus, Mr. Lazarus, and possibly others, has gone

18 │ to various existing and prospective Gaming Industry customers of ASAI in order to

19 │ tell them that ASAI (and the casino through its receipt of services from ASAI) is

20 │ infringing the Patents-In-Suit, that Global has sued (or will sue) ASAI for damages,

21 │ that such a suit could put ASAI out of business, and that the gaming customer could

22 │ also be liable for monetary damages.  Such representations were neither privileged,

23 │ justified, nor factually accurate.  Such statements were known, or should have been

24 │ known by Defendants to be untrue when made and related to ASAI's business.

25 │      75.   ASAI is informed and believes, and upon such information and belief

26 │ alleges, that such statements were made during the past forty-five (45) days.  ASAI

27 │ does not know to which customers and prospective customers the statements were

28 │ made but such knowledge is in the possession of Defendants and does not know

WASHOR & ASSOCIATES
Counselors at Law

1  whether any of the statements were made in writing.  However, ASAI believes that

2  the statements were made because ASAI is informed and believes, and upon such

3  information and belief alleges, that this is the method by which Global operates after

4  sending a letter to a competitor like Exhibit "A."

5      76.   As a result of the Defendants' defamation of ASAI as set forth in

6  paragraph 74 and 75 above, ASAI has been damaged in a presently unascertained

7  amount.  When the exact amount of its damages is ascertained, ASAI will seek leave

8  of this Court to amend this Complaint to assert same herein or will seek judgment in

9  accordance with proof at the time of trial.

10     77.   In Defendants' defamation of ASAI as set forth in paragraphs 74 and

11  75 above, Defendants has been guilty of oppression, fraud, and malice, thereby

12  entitling ASAI to recover punitive damages from Defendants.

13     WHEREFORE, ASAI respectfully requests that judgment be entered against

14  Defendants, and each of them, as follows:

15     1.   For compensatory damages in an amount in excess of $2,000,000

16  according to proof;

17     2.   For punitive damages in accordance with proof;

18     3.   For trebled damages on the Second Claim for Relief;

19     4.   For an order, preliminarily and permanently enjoining defendants from

20  advising existing and prospective Gaming Industry customers of ASAI that ASAI

21  (and the casino through its receipt of services from ASAI) is infringing the Patents-

22  In-Suit, that Global has sued (or will sue) ASAI for damages, that such a suit could

23  put ASAI out of business, and that the gaming customer could also be liable for

24  monetary damages;

25     5.   For a declaration that:

26         (a)   ASAI has not infringed the Patents-In-Suit;

27         (b)   The Patents-In-Suit are invalid; and

28         (c)   The Patents-In-Suit are unenforceable;

WASHOR & ASSOCIATES
Counselors at Law

17

6.    For ASAI's costs of suit incurred in this action;

7.    For ASAI's reasonable attorneys fees; and

8.    For such other and further relief as the Court may deem just and proper.

LAWRENCE I. WASHOR
WASHOR & ASSOCIATES

LAWRENCE I. WASHOR
Attorneys for Plaintiff
Automated Systems America, Inc.

WASHOR & ASSOCIATES
Counselors at Law

# Exhibit "A"

## OPPENHEIMER

OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402-1609

Direct: 612.607.7237
Main: 612.607.7000
Fax: 612.607.7100
E-Mail: CHilberg@oppenheimer.com

June 8, 2010

John T. Steely
President
Automated Systems America, Inc.
2600 Foothill Boulevard
Suite 202
La Crescenta, California 91214

**Re:** **Global Cash Access, Inc./U.S. Patent No. 6,081,792**
**Cash Systems, Inc./U.S. Patent No. 6,951,302**

Dear Mr. Steely:

Our firm represents Global Cash Access, Inc. and Cash Systems, Inc., which is a wholly owned subsidiary of Global Cash Access, Inc., in connection with certain intellectual property matters. We are writing to provide you with notice of:

(1)     U.S. Patent No. 6,081,792, assigned to Global Cash Access, Inc., which is directed to a method of providing money to an account-holder who has met a daily ATM limit; and

(2)     U.S. Patent No. 6,951,302, assigned to Cash Systems, Inc., which is directed to a system and method for performing a quasi-cash transaction.

Based on our recent observations at the San Manuel Indian Bingo & Casino and elsewhere, it has come to our client's attention that Automated Systems America, Inc. and its affiliates ("ASAI") may be interested in obtaining licenses under the above-identified U.S. Patents in connection with various cash access products and services that ASAI is currently providing, directly or indirectly, to certain of its customers. If you do not believe that ASAI, its partners, or its customers require such licenses in connection with these products and services, please provide us with the basis of your position. We have enclosed a copy of the Patents for your review. We request your response to this letter by July 8, 2010.

Sincerely,

Christopher R. Hilberg
CRH/djb
Enclosure

OPPENHEIMER: 2812570 v01 06/08/2010

Lawrence I. Washor - #75180
Washor and Associates
21800 Oxnard Street, Suite 790
Woodland Hills, California 91367

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOMATED SYSTEMS AMERICA, INC., A Nevada Corporation | CASE NUMBER |
| PLAINTIFF(S)<br>v. | **CV10 4973 -CBm(Fmox)** |
| GLOBAL CASH ADVANCE HOLDINGS, INC., a Delaware corporation, GLOBAL CASH ACCESS, INC., a Delaware corporation, CASH SYSTEMS, INC., a Delaware corporation, JAY KOLDUS, an individual, and STEVEN L. LAZARUS, an individual,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): THE ABOVE-NAMED DEFENDANTS

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Lawrence I. Washor_____, whose address is __21800 Oxnard Street, Suite 790, Woodland Hills, California 91367_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __˙• 7 JUL 2010_____          By: _____
                                                       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a). PLAINTIFFS** (Check box if you are representing yourself ☐) <br> AUTOMATED SYSTEMS AMERICA, INC., a Nevada Corporation | **DEFENDANTS** <br> GLOBAL CASH ADVANCE HOLDINGS, INC., a Delaware corporation, GLOBAL CASH ACCESS, INC., a Delaware corporation, CASH SYSTEMS, INC., a Delaware corporation, JAY KOLDUS, an individual, and STEVEN L. LAZARUS, an individual |
| **(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same.) <br><br> LAWRENCE J WASHOR, ESQ. State Bar No. 75180 <br> WASHOR & ASSOCIATES <br> 21800 Oxnard Street, Suite 790, Woodland Hills, CA 91367 | Attorneys (If Known) <br><br> CHRISTOPHER R HILBERG <br> OPPENHEIMER, WOLFE, & DONNELLY, LLP <br> Plaza VII, Suite 3300 <br> 45 South Seventh Street, Minneapolis, MN 55402 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT: $** In excess of $2,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1338(a), 28 USC 2201 et al., Patent Laws under Title 35, and 28 USC 1337

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

# CV10 4973

**FOR OFFICE USE ONLY:**   Case Number: _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Clark County, Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 7/6/10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |